LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks the recovery of a $2,000.00 deposit made with the defendant in connection with a transaction involving the proposed purchase of real estate. The Lower Court rendered judgment in favor of the plaintiff from which the defendant has appealed.
The facts may be fairly stated as follows:
In April of the year 1962, a Mr. W. G. Salter, the then president and agent for the plaintiff corporation, contacted Mrs. Mone-da Staring, the defendant, with a view towards purchasing a piece of property and the improvements thereon described as Lots eleven (11), twelve (12) and thirteen (13), Square Twenty (20) Wilson Place Subdivision, Baton Rouge, measuring approximately one hundred twenty-seven (127') feet by one hundred twenty (120') feet and located at the corner of Liveoak and North Boulevards in the City of Baton Rouge, Louisiana. The parties at this time agreed upon a price of $45,000.00, $25,000.00 of which was to be paid in cash and the balance of $20,000.00 with six per cent (6%) interest to be paid in monthly installments of $175.00 each, including interest. It was likewise agreed that plaintiff would make a $2,000.00 deposit as evidence of his good faith.
Subsequent to the above, Mr. Salter returned to Columbus, Georgia, leaving a Mrs. Dorothy W. Kovacs, who was interested in leasing the property from plaintiff should the purchase be consummated, more or less as his agent to act in the matter. Mrs. Staring secured a form of purchase agreement, prepared and signed same on April 12, 1962, and mailed the agreement to Mr. Salter. This agreement made reference to the $2,000.00 deposit in the printed portion thereof, stating that it was not to be considered as earnest money. Upon receipt of this agreement by Mr. Salter, he added the following language:
“This contract conditioned upon purchaser obtaining Twenty Five Thousand ($25,000.00) Dollars first mortgage at no more than six (6%) per cent and minimum period of fifteen (15) years. Two Thousand Dollar ($2,000.00) check to be held by seller until closing.”
In addition to modifying Mrs. Staring’s purchase agreement, Mr. Salter secured, filled out and signed a form labeled “Sales Contract”. This agreement, in the printed portion thereof, provided that the deposit was to be considered as earnest money. The following was inserted by Mr. Salter:
“Twenty Five Thousand ($25,000.00) Dollars through proceeds of loan to bear interest at 6% or less and not less than fifteen (15) years in length; balance of Twenty Thousand ($20,000.-00) Dollars at closing. Two Thousand ($2,000.00) Dollar binder check to be held until closing.”
Both agreements, together with a $2,000-00 check which bore the notation “This check is to be held with papers until deal has been closed out”, were sent to Baton Rouge. The record does not make it entirely clear as to whether they were mailed to Mrs. Kovacs or to Mrs. Staring; at any rate they reached Mrs. Staring’s hands and she initialed the clause on the first agreement which had been added by Mr. Salter on April 21, 1962, and signed the second agreement either on the same day or a couple of days thereafter.
Both agreements provided that the sale was to be consummated within sixty days and after the expiration of that time, no *699 sale having been consummated, defendant cashed the check and this suit followed.
The record makes it abundantly clear that Mrs. Kovacs, on behalf of Mr. Salter, made a diligent effort to obtain a loan of '$25,000.00 on terms set forth in the first agreement but was unable to do so and it was because of her inability to do so that the deal was never consummated. This fact is not disputed by counsel for defendant who argues that the second agreement, being subsequent to the first supercedes same and as it classified the deposit as earnest money, there being no direct reference to the conditional aspect of the loan, his client was, after the sixty day period, entitled to receive the money. The record refutes this theory entirely. Mr. Salter explained the ■existence of the second contract as follows:
“A Well, then I signed both contracts so we would have a Georgia contract and a Louisiana contract both in the file and I sent her both copies back because I had already had mine prepared and she mailed me another one to be signed. The difference in the dollars is not any. Mine — the stipulations in mine was $20,000.00 down subject to a $25,000.00 loan at not more than six per cent interest.
“Q You don’t make that loan a condition of the contract like it was in hers.
“A Well, I made it in the lower part of the contract — the check, the condition of the contract, not to be used unless the loan closed out.”
The record amply substantiates the Trial Judge’s conclusions which were as follows:
“There isn’t any question but what Mrs. Staring upon receiving the return of the signed agreement or signed instrument noted the change and agreed to it, therefore, the making of the change did not result in a contract about which there is any difference between the parties. They both agreed to the change, therefore, if it was a completed instrument agreed in all particulars the sending of a second contract which does not specifically have the provisions about the ability to acquire a particular type of loan has a further explanation at the bottom that the $2,000.00 binder check is to be held until closing is explanatory sufficient to my mind that the two instruments must be construed together and that there was no intention on the part of either party for the second one to displace and completely cancel the first. Mrs. Staring does not say that. She says in effect that she saw no objection to it and no controversy about it- and no real difference between the two, therefore, she had no objection to signing it, and that is my firm opinion.”
“I think Mrs. Staring was notified sufficiently that the reason the contract was not complied with was the inability to obtain the loan. I think the contract between them taking the two of them together, they were simultaneously signed and initialled by Mrs. Staring, and I don’t think there is any question in the world but what Mrs. Staring well understood that the sale of this property under these instruments depended upon the obtaining of a loan and upon being informed that the loan was not obtained she had no right under the sun to cash the check and keep the money.”
We think that this is a case where two laymen tried to do for themselves what a lawyer should have been employed to do for them. Their makeshift efforts merely resulted in confusion which never should have existed in the first place. The record taken as a whole makes their intentions abundantly clear and we think that the plaintiff is, without doubt, entitled to the return of the deposit.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed